UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON MONTOYA,<br><br>    Plaintiff,<br><br>    v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants. | Case No. 14-cv-02740-WHO<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 109 |

Plaintiff moves for an aware of attorney's fees against Reliance. That motion is set for hearing on May 17, 2017. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument, and the May 17, 2017 hearing is VACATED. As explained below, I find that plaintiff is entitled to fees, but not in the amount sought.

## BACKGROUND

On September 27, 2016, I granted plaintiff's motion for summary judgment and denied defendant's, finding that defendant Reliance Standard Life Insurance Company (Reliance) erred and acted unreasonably when it denied plaintiff's claim for long term disability benefits under the "own occupation" limitation. Dkt. No. 77.

Plaintiff seeks an award of $238,455 in attorney's fees against Reliance. Reliance opposes. Reliance does not contest plaintiff's entitlement to fees, but argues that plaintiff is not entitled to fees for hours expended on issues that were either litigated unnecessarily or on which plaintiff was not successful, and that plaintiff's counsel billed an unreasonable amount of hours on other identified tasks. Reliance also argues that the hourly rate requested by plaintiff's counsel, $675 an hour, is excessive.

**LEGAL STANDARD**

Under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Ninth Circuit has held that a prevailing plan participant such as plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations omitted). In the ERISA context, the test is not whether plaintiffs prevail on all of their claims, but whether they "succeed on any significant issue in litigation which achieves some of the benefit [they] sought in bringing suit." *Smith*, 746 F.2d at 589 (internal quotations omitted).

"[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). To determine fees in cases of partial success, courts consider (1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded, and (2) whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *See, e.g., Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002). The "first step" requires determining whether the successful and unsuccessful claims were unrelated. Claims are unrelated if the successful and unsuccessful claims are "distinctly different" both legally and factually. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). "Hours expended on unrelated, unsuccessful claims should not be included in an award of fees." *Id*. at 1147.

If the unsuccessful and successful claims are related, under the "second step" the court evaluates the significance of the overall success obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Id*. (citing *Hensley*, 461 U.S. at 434-35). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. "A plaintiff may obtain excellent results without receiving all the relief requested." *Sorenson*, 239 F.3d at 1147.

If a plaintiff is entitled to fees, the plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "When it sets a fee, the district court must first determine the

1  presumptive lodestar figure by multiplying the number of hours reasonably expended on the

2  litigation by the reasonable hourly rate." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd*., 668

3  F.3d 677, 689 (9th Cir. 2012) (citation omitted); *Oster v. Std. Ins. Co.*, 768 F. Supp. 2d 1026, 1034

4  (N.D. Cal.2011) ("In ERISA cases, attorneys' fees to a prevailing plaintiff are determined by a

5  lodestar analysis, multiplying the number of hours reasonably expended on the matter by a

6  reasonable hourly rate.").

"Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. Accordingly, the district court should exclude from this initial calculation hours that were not "reasonably expended," including where a case is overstaffed or where claimed hours are "excessive, redundant, or otherwise unnecessary." *Id*. In the Ninth Circuit a "district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

## DISCUSSION

### I. HOURLY RATE

Reliance objects to the requested rate of $675 an hour for plaintiff's counsel's time (from June 2014 forward), because in May 2015 plaintiff's counsel represented to defendant that his normal billing rate was $650 an hour. Declaration of Dennis J. Rhodes [Dkt. No. 112-1], Ex. 9. Plaintiff responds that the $675/hour request was adequately supported in his declaration and through the declarations from other ERISA practitioners he filed in support of that rate. Plaintiff also points out that this rate was recently approved in two ERISA cases in this Court. *See Nagy v. Group Long Term Disability Plan For Employees of Oracle America, Inc*., Case. No. 14-cv-0038-HSG (LB) (approving $675/hour rate); *Lin v. Metro. Life Ins. Co*., Case No. 4:15-cv-02126-SBA (KAW) (N.D. Cal. Nov. 23, 2016) (approving $675/hour rate); *see also James v. AT&T W. Disability Benefits Program*, Case No. 3:12-cv-06318-WHO (N.D. Cal Dec. 22, 2014) (approving $650/hour rate).

The difference here, however, is that plaintiff's counsel represented to Reliance what his hourly rate was and charged them that rate, $650 an hour, in May 2015. That rate is consistent

3

with the rate I approved for plaintiff's counsel in December 2014. Therefore, plaintiff's counsel's time should be calculated at $650 an hour through May 2015. Thereafter, his time should be calculated at $675 an hour.

## II. REASONABLY NECESSARY HOURS

Reliance's main challenge is to the hours billed, disputing the necessity for a majority of them.

### A. Litigation was Premature/Unnecessarily Elongated

Reliance argues first that the "majority" of hours billed by plaintiff's counsel were unnecessary because plaintiff made a strategic decision to file suit before the independent medical examinations (IMEs) were held and before Reliance had made any decision on Montoya's administrative appeal. While I have recognized that this litigation took an abnormally long time, it was not because plaintiff's counsel was litigating in bad faith. It was instead because plaintiff's counsel made strategic decisions to push somewhat novel claims; for example, arguing plaintiff's counsel has the legal right to attend IMEs (for which plaintiff's counsel billed 71.45 hours of time) and arguing that plaintiff has the legal right to receive a copy of the IME report prior to the resolution of the administrative appeal (for which plaintiff billed 60.5 hours). *See* Dkt. Nos. 35, 95. In essence, Reliance argues that the litigation itself was premature and, therefore, plaintiff should not be entitled to any fees incurred prior to Reliance's decision on the administrative appeal. However, Reliance does not point to any case law that would support denying in whole the "pre-decision" fees sought by plaintiff. Instead, I will look at the more-specific challenges to discrete tasks identified and challenged by Reliance below to determine whether the hours requested for specific tasks were reasonable.[1]

### B. Right to Review IME & Writ of Mandamus

Reliance objects to plaintiff's counsel's claim for 30.1 hours to research, brief, and discuss with colleagues the issue of whether he was entitled to review the IME report before Reliance had

---

[1] While, in denying plaintiff's motion for a higher level of prejudgment interest, I recognized that delays in resolving this case were not caused by plaintiff but by plaintiff's counsel's strategic litigation decisions, that was not a determination that those strategic decisions were frivolous or taken in bad faith. Dkt. No. 95.

4

reached a determination on the administrative appeal. Oppo. 6-7. Reliance argues that this issue had been resolved by the Ninth Circuit, and so there was no basis for pursuing it in District Court. Oppo. 6-7. Reliance also objects to 30.4 hours billed when plaintiff first discussed with colleagues and then sought a writ of mandamus on this issue, because counsel's briefing on the writ basically echoed the briefing filed in the District Court. Oppo. 7.

While the Ninth Circuit rejected the writ petition (Dkt. No. 43), I recognized in my March 10, 2015 Order that the issue had not been squarely addressed by the Ninth Circuit. Dkt. No. 36 at 6-7. Therefore, I do not accept Reliance's argument that asking for the relief in District Court and then pursuing the writ were "unnecessary." But I do find that the hours on the writ briefing, which repeated the arguments made in the summary judgment briefing submitted to me with some additional cases discussed, was excessive and not reasonable, and reduce those hours by 5.[2] I also find that the 6 hours plaintiff's counsel spent corresponding and in communication with "colleagues" on whether to take the writ and to drum up amicus support is not compensable as it was not reasonably necessary to litigate Montoya's claims.

Therefore, plaintiff's time is reduced by 11 hours.

### C. Full and Fair Review

Reliance objects to 8.7 hours billed in late 2015 to supplement the record with a second report from Dr. Retodo. I ruled that the second Retodo report was outside the record and not properly considered. Oppo. 8; Dkt. No. 77 at 18. In Reply, plaintiff argues that because Reliance relied heavily on the defense medical IME in its ultimate denial, plaintiff needed to secure the second Retodo report to rebut that reliance. Reply 10 n.3. Plaintiff ignores that there are very few circumstances where plaintiffs may rely on evidence that is not in the administrative record in appealing a benefits denial under ERISA. Here, because Reliance did not change *rationales* between its initial denial and the ultimate denial (although it relied on the Dr. Lee IME report as *consistent* support for its original decision), there was no cause to secure much less to admit the second Retodo report. These 8.7 hours were not reasonably incurred and are not compensable.

---

[2] I recognize plaintiff's point that some of hours included in Reliance's 60.5 hour total are not properly characterized by Reliance.

5

### D. Motion for Fees

Reliance challenges the 6 hours claimed to draft the motion for attorney's fees as well as the 8 hour estimate for the reply. Oppo. 8-9. Reliance objects to the 6 hours submitted for the opening fee brief, pointing out that plaintiff's opening brief is almost word-for-word identical to the brief filed in *Lin v. Metro. Life Ins. Co.*, Case No. 4:15-cv-02126-SBA. In Reply, plaintiff does not address the fact that his opening brief in support of fees in this case is substantially identical to the brief filed in the *Lin* case, nor does he make a justification for any of the 6 hours requested. I conclude that the 6 hours claimed by plaintiff's counsel for the opening brief is unjustified, and reduce that time by 4 hours.

With respect to the Reply, it appears plaintiff's counsel spent significant time responding to the facts and legal arguments asserted by Reliance. Indeed, counsel claims to have spent almost 40 hours on the Reply. Reply Declaration of Laurence F. Padway (Dkt. No. 118-2) ¶ 20. Plaintiff, however, does not seek any hours in addition to the 8 he originally estimated. Given the work product produced, I find that the 8 hours claimed is reasonable and compensable.

### E. Discovery

Reliance objects to time spent on "discovery" with respect to the now-dismissed defendant Reliance Group Blanket and Insurance Trust, but does not identify what portion of plaintiff's counsel's time it objects to. More generally, Reliance argues that the 6.7 hours plaintiff's counsel spent on discovery were unnecessary (given the *de novo* standard of review that applied) and points out that plaintiff ultimately "abandoned" that discovery. Oppo. 9-10. Plaintiff responds that the discovery was necessary to ensure that the Trust did not play an active role in the decisions made in this case, and that the discovery secured showed Reliance's lack of policies and procedures as well as its failure to locate a physician who would allow counsel to attend an IME. While those issues that were not ultimately relevant to the final merits determination, plaintiff could not know that at the time he sought the discovery. The 6.7 hours spent on discovery are reasonable and compensable.

### F. Initial Disclosures

Relatedly, Reliance objects to 29.3 hours claimed for preparing Montoya's Initial

Disclosures, which are roughly split between plaintiff's counsel and paralegal time. Reliance argues those hours are excessive and not necessary to prepare the typically-limited initial disclosures required in an ERISA case. Plaintiff responds that significant efforts are required to prepare initial disclosures in this type of case, arguing that it is necessary to include all relevant medical records in case they are omitted from the Administrative Record (AR) prepared by the insurer, as well as post-medical decisions and information regarding bias of the medical reviewers or the insurer itself (evidence which by its nature is not included in the AR). Padway Reply Decl. ¶¶ 16-17.

I agree that a reasonable amount of time to prepare Initial Disclosures is compensable for the reasons identified by plaintiff's counsel, but that the total amount of hours billed are excessive. There is duplication of effort by plaintiff's counsel and his paralegal. Therefore, I reduce the hours sought by 5 hours for counsel and by 5 hours for the paralegal.

### G. Administrative Record Review

Reliance challenges the amount of time billed for reviewing the Administrative Record, which Reliance estimates is 35.8 hours (between counsel and his paralegal). Oppo. 10. In his declaration, defense counsel explains that 17.1 of those hours were actually spent on briefing. Padway Reply Decl. ¶ 15. Accepting that representation, the remaining time spent (18.7 hours) was still excessive, given that plaintiff's counsel was intimately familiar with the AR, having represented Montoya since 2013 following the initial denial. Therefore, the time spent on the AR review is reduced by 10 hours.

### H. Dr. Lee Challenge

Reliance challenges the 5.2 hours (1.2 hours spent by counsel and 4 hours spent by the paralegal) billed for researching Dr. Lee, the physician who eventually conducted the physical IME. Reliance points out that on summary judgment I rejected plaintiff's challenges to Dr. Lee's qualifications. Oppo. 11. However, this time is not excessive and given counsel's explanation of the different types of research he and his paralegal performed, Padway Reply Decl. ¶ 17, the efforts were not duplicative.

### I. Hours After Remand

Reliance objects to the request for 7.1 hours of fees incurred after entry of judgment regarding the proceedings taking place on remand (*i.e.*, to determine whether Montoya is entitled to benefits under the "any occupation" provision). Oppo. 12. Plaintiff relies on a series of cases finding that "hours spent representing a plan participant in a court-ordered remand proceeding are recoverable." *Langston v. N. Am. Asset Dev. Corp. Grp. Disability Plan*, No. C 08-02560 SI, 2010 WL 330085, at *4 (N.D. Cal. Jan. 20, 2010). Here, however, the issue litigated was whether Reliance erred in denying Montoya benefits under the "own occupation" limitation. The Court agreed and the parties, and after much meeting and conferring and with the help of a further Order from me, determined the amount owed to Montoya under that provision. While pursuant to the parties' joint stipulated form of Judgment this case was "remanded" for further administrative proceedings regarding whether Montoya would be entitled to benefits under the "any occupation" limitation (Dkt. 103), that issue was not resolved or discussed in this litigation. In these circumstances, especially as the court has not retained jurisdiction over this matter pending further administrative proceedings, fees incurred post-judgment are not appropriate.[3] The 7.1 hours are not compensable.

### J. Clerical Tasks

Reliance objects to the 31.6 hours of paralegal time and 2.1 hours of counsel time Reliance believes was for "clerical" tasks, such as filing and organizing documents and scheduling. In Reply, plaintiff's counsel does not address the 2.1 hours of his time spent on scheduling. Those hours are not compensable.

Plaintiff's paralegal admits that 2 hours of the 31.6 identified by reliance were for making copies and e-filing and agrees those are not compensable. Declaration of Felicia J. Phillips (Dkt. No. 118-1) ¶ 2. As to the other hours challenged, I find that Phillips has adequately substantiated the hours for drafting (10.4), "managing data/document review" (1.9), preparation of a stipulation

---

[3] *See e.g., Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 122 (2d Cir. 2002) ("Where the administrative proceedings are ordered by the district court and where that court retains jurisdiction over the action during the pendency of the administrative proceedings, we hold that ERISA authorizes the award of associated costs.").

8

(0.9), and service (0.6) and explained why those tasks are not simply clerical.

Plaintiff's paralegal also explains why she spent as much time as she did on "calendaring" (6.3 hours), which she asserts requires a significant familiarity with the federal and local rules. That may be true, but in absence of case law in support, that time is not compensable.

Regarding communications (amounting to 10.1 hours), the paralegal explains that the hours were primarily necessary to communicate with the IME vendor and Montoya, due to the vendor's repeated errors in scheduling. Those scheduling hours, however, are not compensable, and the paralegal's time should be reduced by 3 hours. The paralegal's time spent ensuring all forms were properly filled out for the IME and conducting research on the IME physician is compensable.

Therefore, 2.1 of plaintiff's counsel's time and 11.3 hours of paralegal time are not compensable.

## CONCLUSION

Consistent with the rulings herein, within ten (10) days of the date of this Order plaintiff and defendant shall submit a joint proposed judgment on the motion for attorney's fees that excludes the counsel and paralegal time identified above and uses the appropriate rates for work through and post May 2015.

**IT IS SO ORDERED.**

Dated: May 15, 2017

William H. Orrick
United States District Judge